WILLIAMS, Circuit Judge, with whom CUDAHY and ROVNER, Circuit Judges, join,
concurring.
I join the majority in reaffirming that River of Life is not entitled to a preliminary injunction, and I also join Judge Cudahy’s concurrence. I write separately to reiterate my belief that the Third Circuit’s “regulatory purpose” test adopted by the original panel is the most appropriate application of the equal-terms provision.
The original panel applied the Third Circuit’s approach from Lighthouse Institute for Evangelism, Inc. v. City of Long Branch, 510 F.3d 253 (3d Cir.2007), reasoning that differentiation between religious and non-religious assemblies under a zoning ordinance was insufficient to establish an equal-terms violation unless the assemblies had a comparable effect on the village’s regulatory purpose. Thus, the question was simply whether the different treatment of a religious assembly and a non-religious assembly was consistent with the zoning ordinance’s regulatory purpose. Here, the village’s regulatory purpose in establishing the commercial zone was to create a tax revenue-generating commercial district centered near the mass transit area; because the church was not similar to the non-religious entities permitted in the zone- — all of which were commercial in nature — the panel found that the church had not been treated on less than equal terms with the commercial non-religious entities.
I have great respect for the majority’s attempt to carve out a compromise between the Eleventh Circuit’s approach and that of the Third Circuit and original panel. However, I still think the “regulatory purpose” test is the best approach. The “regulatory purpose” test is simpler and does not require federal judges to determine which zoning districts fit within “accepted regulatory criteria” — and indeed, what those accepted criteria are in the first place. (Moreover, the majority’s opinion is unclear as to how a judge should proceed with its equal-terms analysis when presented with a unique, non-traditional zoning scheme.) Second, to the extent that traditional zoning classifications are important, a judge assessing a regulatory purpose already uses them as guidance. Finally, the majority’s approach does not solve the problem it perceives in the Third Circuit’s approach. Zoning officials could just as easily use accepted criteria as a pretext for action as they could articulate a regulatory purpose. The “accepted regu *377 latory criteria” test therefore presents a risk of self-serving testimony just as the majority believes the “regulatory purpose” approach would.